(No. 11739.—Decree affirmed.)

JOSEPH RIVARD, Appellant, *vs.* MOSES RIVARD *et al.* Appellees.

*Opinion filed December 18, 1918.*

This case is controlled by the decision in *Stevenson* v. *Stevenson,* (*ante,* p. 486.)

CARTER, DUNN and COOKE, JJ., dissenting.

APPEAL from the Circuit Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. G. BROOKS, for appellant.

SAVARY, RUEL & LAMARRE, for appellee Isidore Sprimont.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Joseph Rivard, a son of Alexis Rivard, deceased, filed his bill in the circuit court of Kankakee county against the other heirs of the deceased, including Moses Rivard and two other sons and four grandchildren. The bill charged,

in substance, that appellant, Joseph Rivard, is the owner and possessed of lot 10 in block 10 in Achille Chiniquy's addition to the village of St. Anne, in the county of Kankakee, Illinois, by virtue of a deed executed and delivered to him by his mother, Marie Rivard, August 16, 1910; that his mother obtained title to said lot by virtue of the last will and testament of Alexis Rivard, dated January 17, 1901, in which the appellant was named (and qualified) as executor, and which will was duly probated in the county wherein the deceased died, March 13, 1907; that at the time of his death Alexis Rivard was the owner and residing on said lot and owned no other lot or real estate, and that he owned said lot since February 13, 1889; that the devise to Marie Rivard in said will was made in the following language: "I give and bequeath to my wife, Marie Rivard, the following property: Lot nine (9) in block ten (10) of Achille Chiniquy's addition to the village of St. Anne, in Kankakee county, in the State of Illinois, to have and to hold the same to her sole use and benefit forever, after my death. She may do as she pleases with said property. And I do also give to my wife all my personal property, of whatever kind and nature, such as money and credits, notes, and household goods and carpenter tools, to have the same for her sole use and benefit." It is further alleged in the bill that the testator had never owned or claimed to own lot 9 devised by his will, and that it was the intention of the testator in and by his said will to devise to Marie Rivard lot 10 in block 10, but that the scrivener in drafting the will by mistake described the lot as lot 9 in block 10; that the word and figure "nine (9)" should be decreed surplusage and the will construed and decreed to read as devising "lot 10 in block ten (10) of Achille Chiniquy's addition to the village of St. Anne, in Kankakee county, in the State of Illinois." It is also charged in the bill that Marie Rivard and appellant have been in possession of lot 10 claiming to be owners thereof, she from the death of the testator

up to the date of her deed and he since the date of said deed to him, and that he paid valuable consideration therefor to his mother, who died March 3, 1916; that by reason of the mistake in drafting the will a cloud appears on the title of appellant to said lot, and that the court may remove the same and decree him to be the owner of lot 10. A copy of the will is attached to and made a part of the bill, and the bill contains a prayer for said relief and for such other and further relief as equity may require. There was no residuary clause in the will of the deceased, and his wife is the only devisee or legatee therein named. There were no other references to real estate, by words of description or otherwise, in the will, and there were no other provisions in the will than those above given, except clause 1, which provided for the payment of the testator's funeral expenses and just debts. A general demurrer was sustained to the bill by the court, and appellant electing to stand by his bill, the court entered a decree dismissing the same for want of equity and at appellant's cost, from which decree he has prosecuted this appeal.

The court properly sustained the demurrer to appellant's bill. This case is controlled by the same principles as announced in the case of *Stevenson* v. *Stevenson,* (*ante,* p. 486.) To grant the relief prayed for in this bill would simply amount to a decree reforming the will by correcting the mistake therein made with reference to the lot devised. The only difference between this case and the *Stevenson case* in this regard is, that in the *Stevenson case* there were devises to six different persons by incorrect descriptions that were void because they could not be located or identified, and for the reasons in that case advanced the decree of the circuit court is affirmed.           *Decree affirmed.*

CARTER, DUNN and COOKE, JJ., dissenting.